THE STATE v. MICHAEL SANDORE.

Decided November 9, 1923.

**Crimes—Carnal Abuse—Grounds for Reversal Examined · and Conviction Affirmed.**

Before GUMMERE, CHIEF JUSTICE, and Justices MINTURN and BLACK.

For the plaintiff in error, *William R. Cresson.*

For the state, *John O. Bigelow,* prosecutor of the pleas.

PER CURIAM.

The grand jury of Essex county presented against Michael Sandore, the defendant below, three separate indictments, charging assault and battery with intent to carnally abuse three small girls, each of them about ten years of age. The indictments were tried together and resulted in a verdict of guilty upon each of the charges.

The various grounds upon which we are asked to reverse these conivctions are so plainly without merit as hardly to be worthy of specific reference. The first is that the court erroneously permitted the prosecutor of the pleas to call upon a Mrs. Cavalier, who had been subpœnaed as a witness by the state, to stand up during the cross-examination of the defendant, for the purpose of having the defendant admit or deny that he had seen this woman in the neighborhood of the place where these assaults were said to have been committed and at the time thereof. There is not even a suggestion contained in the brief of counsel for the plaintiff in error of a reason for holding this judicial action illegal.

The next ground of reversal is that the court erred in instructing the jury that "If you believe the testimony of these girls"—that is, the little girls whom the state claimed to have been assaulted—"there is evidence before you suffi-

cient to make out the offense of assault with intent to carnally abuse." The argument is that this instruction was harmful; that it tended to prejudice the defendant in the minds of the jury. But this is not enough. A charge to the jury invariably contains matters which are prejudicial to the defendant; but, in order to justify a reversal, it must appear that these matters are not only prejudicial, but that the charge is erroneous in law, and there is no suggestion that this excerpt from the instruction to the jury is open to that criticism.

Next, it is said that the following instruction to the jury was erroneous: "Indeed, as I recall the testimony of one or two of the little girls, they testify that he did, in fact, place his sexual organ against their sexual organ, which, if true, would make out the offense of carnal abuse itself, although he is not on trial for that offense." The objection is that the instruction contained an intimation that the defendant was guilty of a crime for which he was not on trial. This is true; but the statement contained in this excerpt from the charge was, as we think, very plainly not harmful to the defendant, and it is entirely settled, under our code of procedure, that, in order to justify a reversal in a criminal case, the alleged error, if it exists, must be such as to have worked manifest wrong and injury to the defendant.

Next, it is said that the court stepped outside of its province in the following statement made to the jury: "You have a right, in considering the story of the defendant, to consider the fact of his very great interest in the verdict which you may render, in determining the importance and weight which you will attach to his testimony." It has been so frequently held that such an instruction is proper that a reference to authorities is unnecessary.

No argument at all is made in support of other reasons specified, and we dismiss them with the statement that they are not worthy of consideration.

The convictions under review will be affirmed.